UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

NETWORK AMERICA LINES, INC.,

        Plaintiff,

  -v-                                                            No. 17-CV-1910-LTS-SLC

XPI ENTERPRISE, LTD., trading as "X PORT
INTERNATIONAL,"

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiff Network America Lines, Inc. ("Plaintiff" or "NAL") moves for a default judgment against Defendant XPI Enterprise, LTD. ("Defendant" or "XPI"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and S.D.N.Y. Local Civil Rule 55.2(b), on claims arising from XPI's alleged breach of contract. (Docket Entry No. 56.) Defendant has failed to appear through counsel in this action, despite being afforded ample time and opportunity to do so. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1333. The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, Plaintiff's motion for default judgment is granted.

## BACKGROUND

The following recitation of facts is drawn from Plaintiff's Complaint (docket entry no. 1 ("Compl.")), as well as uncontroverted documentary evidence submitted by Plaintiff in connection with the instant motion practice.

NAL is a common carrier of containerized cargo by ocean vessel in the foreign commerce of the United States. (Compl. ¶ 5.) NAL maintains a standard form bill of lading contract that it issues in connection with each shipment accepted by NAL for carriage. (Compl. ¶ 7.) The standard form bill of lading contract contains terms and conditions that apply to each shipment carried by NAL; they are printed on the back of every original bill of lading that NAL issues, are available from NAL or any of NAL's agents, upon request, and are also part of the tariff that NAL maintains. (Id.)

Between March 28, 2014, and July 11, 2014, the parties entered into nine separate bills of lading. (Compl. ¶¶ 10-72.) The bills of lading stated that they were governed by the "law of U.S.A." and that "any claim or dispute arising [ ] in connection [with the contracts] shall be determined by the courts in NEW YORK, N.Y. and no other courts." (Compl. at Exh. A.) The bills of lading provided for the carriage of shipments from Savannah, GA to the port of Benghazi, Libya; XPI was the named shipper and NAL was the carrier. (Compl. ¶¶ 10-72.) NAL delivered each of the shipments to their destinations and fulfilled all of its contractual obligations under the bills of lading. (Id.) Pursuant to the bills of lading, XPI was required to pay ocean freight charges to NAL. (Id.) XPI was provided invoices for the freight charges it owed, but XPI refused to pay NAL. (Id.) On each occasion, NAL provided written notices to XPI demanding payment, but XPI did not pay the invoices. (Id.)

Procedural History

On February 23, 2018, counsel for XPI, Kent, Beatty & Gordon, LLP ("KBG"), moved to withdraw from the representation. (Docket Entry No. 31.) On March 27, 2018, Magistrate Judge Pitman issued an order granting KBG's motion and finding that "it is imperative that XPI retain new counsel" because Defendant is a corporation, which "can appear

in an action only through counsel." (Docket Entry No. 35.) Judge Pitman directed KBG "to provide a copy of [his March 27, 2018,] Order to XPI and to explain it to XPI." (Id.) Judge Pitman also stated that, if XPI did not retain new counsel by April 27, 2018, Judge Pitman "inten[ded] to recommend the entry of a default judgment against [XPI] on all claims." (Id.)

On July 11, 2018, the Court found that, "[b]ecause XPI has not appeared in this action through counsel or otherwise contacted [the Court]" XPI is in default. (Docket Entry No. 37.) As a result, the Court issued an order granting Plaintiff permission to make a motion for default judgment. (Id.) On October 23, 2018, the Clerk of Court issued a certificate of default as to XPI. (Docket Entry No. 42.) On July 29, 2019, NAL served its Supplemental Affirmation in Support of Plaintiff's Motion for Final Default Judgment against XPI, together with all Supporting Documents. (Docket Entry No. 55.) On October 2, 2019, NAL moved for default judgment against XPI. (Docket Entry No. 56.)

## DISCUSSION

In determining whether to grant a motion for default judgment, courts within this district engage in a two-step inquiry. First, courts consider whether default should be entered by evaluating three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (citation omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment).

Here, the Court finds that the balance of these factors weighs in Plaintiff's favor. XPI's failure to appear in this action through new counsel, despite having had ample opportunity and clear direction from the Court to do so, is indicative of willful conduct. See Indymac, 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a complaint or motion for default judgment indicate willful conduct). Moreover, while XPI has answered Plaintiff's Complaint (docket entry no. 20), it has failed to "present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) (internal quotation marks omitted). Instead, XPI has proffered only conclusory denials and threadbare affirmative defenses in its answer to the Complaint. XPI has not introduced any evidence to controvert the claims brought against it. Finally, the Court finds that Plaintiff will be prejudiced and left with no alternative recourse if it is denied the ability to seek judgment by default. If default is not entered, Plaintiff will be forced to continue incurring costs in this action.

Second, this Court must determine "whether the allegations in Plaintiff's Complaint are sufficiently pleaded to establish [XPI's] liability." Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012). Here, NAL seeks damages as a result of the breach of contracts between NAL and XPI where XPI allegedly failed to pay NAL the ocean freight charges for nine shipments under freighted bills of lading issued by NAL. To state a claim for breach of contract under New York law, "the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." Johnson v. Nextel Communications, Inc., 660 F.3d 131, 142 (2d Cir. 2011). NAL's Complaint alleges each of these elements: (i) contracts providing for the carriage of shipments from Savannah, GA to Benghazi, Libya; (ii) Plaintiff's performance of its contractual obligations to ship the goods; (iii) Defendant's failure to pay for the shipments under

the terms of the bills of lading; and (iv) damages comprised of the payments Plaintiff should have received but did not.

Thus, the Court concludes that the allegations of the Complaint, which are deemed admitted, along with NAL's uncontroverted evidentiary proffers, are sufficient to demonstrate that XPI failed to pay NAL ocean freight charges in connection with the carriage of nine shipments under freighted bills of lading issued by NAL. As a result, NAL is entitled to damages resulting from XPI's breach of contract.

Damages

Plaintiff seeks damages in the amount of $22,700, the total sum of XPI's unpaid ocean freight invoices. Damages for breach of contract should put a plaintiff in the same economic position he would have occupied had the breaching party performed the contract.[1] Process Am., Inc. v. Cynergy Holdings, LLC, 839 F.3d 125, 143 (2d Cir. 2016). Here, Plaintiff delivered the shipments under the parties' bills of lading, rendered the invoices for the shipments to XPI, and sent XPI multiple written notices demanding payment, but did not receive any payment from XPI. To put NAL in the same economic position it would have been in had XPI paid the invoices, NAL is entitled to recover the total amount of unpaid invoices.

NAL's proffered evidence in support of its motion for default judgment, including copies of the bills of lading at issue, establish the damages figure with the requisite reasonable certainty. According to the proffered bills of lading, the total amount of unpaid invoices is $22,700. Additionally, the sworn declaration from Thomas Johns, the Vice President and House

---

[1] The parties' contracts do not specify the governing law, but rather state that they are governed by the "laws of U.S.A.", and require disputes arising in connection with the contracts shall be decided in the courts of New York, NY. See Compl. at Exh. A. The Court has applied New York state law in determining Plaintiff's claims for damages and pre-judgment interest.

Counsel for NAL, attests to the accuracy of the unpaid amounts and authenticates the bills of lading. (See Affidavit in Support of Plaintiff's Request for Final Default Judgment, docket entry no. 54.) Through this evidence, NAL has sufficiently demonstrated its right to recover damages in the amount of $22,700. See Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir.1989) (finding plaintiff's submissions, including an affidavit attesting to unpaid invoices "provided a sufficient basis from which to evaluate the fairness of" plaintiff's claimed damages).

### Pre-Judgment Interest

Plaintiff's Complaint seeks relief in the form of damages, together with "interest, costs and the disbursements of this action." (Compl. at 17.) Pre-judgment interest is normally recoverable as a matter of right in breach of contract actions. Graham v. James, 144 F.3d 229, 239 (2d Cir. 1998). New York law permits an award of pre-judgment interest at a statutory rate of nine percent per annum, calculated from the earliest ascertainable date on which the cause of action existed. N.Y.C.P.L.R. §§ 5001, 5002, 5004.

NAL requests pre-judgment interest calculated at a rate of eight percent from March 15, 2017, the date Plaintiff commenced this action, to July 29, 2019, the date Plaintiff filed its initial motion for default judgment (docket entry nos. 52-54). The Court finds the relief sought to be reasonable as to both the start date as well as the rate of interest.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment as against XPI is granted. The Clerk of Court is directed to enter judgment against XPI Enterprise, Ltd., trading as "X Port International," in the total amount of $27,013.00, comprising (i) $22,700.00 in damages; and (ii) $4,313.00 in prejudgment interest at eight percent for the period from March 15, 2017, to July 29, 2019, and to close this case.

This Memorandum Order resolves docket entry no. 56.

SO ORDERED.

Dated: New York, New York
April 13, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge